***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted January 5, reversed and remanded February 1, 2023

Elaine HANSON,
as Personal Representative of
the Estate of Douglas J. Burnham, Jr.,
*Plaintiff-Appellant,*

*v.*

OREGON DEPARTMENT OF CORRECTIONS,
an agency of the State of Oregon,
*Defendant-Respondent,*

*and*

Steve SHELTON, M.D. et al.,
*Defendants.*

Umatilla County Circuit Court
18CV34999; A177792

Robert W. Collins, Jr., Judge.

Carl Post and John Burgess filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

Plaintiff, the personal representative of the decedent, appeals a judgment dismissing a negligence action she brought against defendant, Oregon Department of Corrections (DOC), for an eye injury the decedent suffered while in defendant's custody. In a single assignment of error, plaintiff argues that the trial court erred in granting summary judgment for DOC.

"We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (internal quotation marks omitted). In so doing, "we view the facts in the light most favorable to the nonmoving parties"—in this case, plaintiff—and we "examine whether no objectively reasonable juror could find in their favor on the question at issue." *Id.* In making that determination, "we examine 'the pleadings, depositions, affidavits, declarations, and admissions on file.'" *Id.* (quoting ORCP 47 C). We conclude that the record on summary judgment raises a genuine issue of material fact; therefore, we reverse and remand.

Plaintiff's complaint alleged, among other things, that DOC's conduct fell below the applicable standard of care in ignoring the decedent's complaints about eye pain for several days and failing to timely render medical care, resulting in permanent loss of vision in the decedent's right eye.[1] DOC moved for summary judgment, arguing, among other points, that the "first indication of any concerns about the decedent's eye arose on September 7, 2016," but plaintiff "declined medical attention" that day; that on September 8, 2016, DOC "transported the decedent to the emergency room less than an hour" after examining his injured eye; and that the decedent received "outstanding medical care." In response, plaintiff argued that there was a genuine issue of material fact as to the timeliness of DOC's medical

---

[1] Plaintiff's complaint also raised a claim under 42 USC section 1983, alleging that DOC had been deliberately indifferent to the decedent's medical needs. That claim was dismissed in the trial court and is not at issue on appeal.

treatment. To support that argument, plaintiff provided, among other evidence, a declaration from the decedent's live-in orderly, which stated, in part:

"3.  In the first week of September 2016, in the week before he was taken to the hospital, [the decedent] fell out of his wheelchair and injured himself.

"4.  In the first week of September 2016, [the decedent] was complaining to me and medical staff that his eye was in pain and that it was not being treated. Looking at his eye, I thought it was likely infected."

The trial court ultimately granted summary judgment for DOC, concluding:

"I find no evidence in anything that's been supplied, including the affidavits of [the decedent's live-in orderly], that indicate[s] *** that [DOC] was notified of an eye injury or an eye infection prior to their observation of that condition on September 8th when [the decedent] was taken to the emergency room and then immediately—or shortly thereafter—transferred to Portland, so the Court is granting this motion for summary judgment."

On appeal, plaintiff assigns error to the trial court's grant of summary judgment, arguing that the evidence before the trial court created a genuine issue of fact— namely, whether DOC had been notified about, but failed to timely diagnose and treat, the decedent's eye injury. In response, DOC argues that the trial court did not err in granting summary judgment, because there is no genuine issue of material fact as to DOC's treatment or awareness of the decedent's eye injury prior to September 8, 2016.

We conclude that the trial court erred in granting summary judgment for DOC, because the evidence created a genuine issue of fact about DOC's notice of, and timeliness of treatment for, the decedent's eye injury. As noted above, the trial court's decision to grant summary judgment as to plaintiff's negligence claim rested on its determination that there was "no evidence in anything that's been supplied, *including the affidavits of* [*the decedent's live-in orderly*], that indicate[s] *** that [DOC] was notified of an eye injury or an eye infection prior to their observation of that condition on September 8th when [the decedent] was

taken to the emergency room[.]" (Emphasis added.). But, contrary to that determination, the declaration from the decedent's live-in orderly explicitly stated that, "[i]n the first week of September 2016, *in the week before he was taken to the hospital*, \*\*\* [the decedent] was complaining to me *and medical staff* that his eye was in pain and that it was not being treated. Looking at his eye, I thought it was likely infected." (Emphases added.) Viewed in the light most favorable to plaintiff, that declaration would permit an objectively reasonable juror to find that DOC was notified about, but failed to timely provide medical care for, the decedent's eye injury in the week preceding his transfer to the hospital on September 8, 2016.[2] We therefore reverse and remand.

Reversed and remanded.

---

[2] On appeal, plaintiff also argues that the trial court erred in concluding that all of the relevant events occurred on September 8, 2016, because the relevant period of time as framed by the complaint included the week leading up to September 8, 2016. DOC responds that, because plaintiff did not make that argument to the trial court, that argument is unpreserved, and we should decline to address it. From that premise, DOC reasons that we must affirm because the trial court's conclusion that the relevant events occurred on September 8, 2016, represented an independent basis for the trial court's granting of summary judgment, and "[t]his court must affirm when appellants fail to challenge the alternative basis of the trial court's ruling." (Internal quotation marks omitted.)

Having reviewed the record, we do not understand the trial court's ruling to reflect two independent bases for granting DOC's motion for summary judgment, as DOC contends. And because, as explained above, the evidence would have allowed an objectively reasonable juror to find that DOC was notified about, but failed to timely provide medical care for, the decedent's eye injury in the week preceding his transfer to the hospital on September 8, 2016, we reverse and remand.